STATE, Respondent, v. BUNDROCK, Appellant.

(207 N. W. 484.)

(File No. 5731.   Opinion filed February 24, 1926.)

1.   False Pretenses—Criminal Law—Under Information Charging Obtaining Property by False Pretenses, It Is Immaterial Whether Defendant Had Sufficient Funds in Bank to Cover Check Given in Payment (Rev. Code 1919, Secs. 4249, 4253).

Under information charging crime of obtaining property by false pretenses, under Rev. Code 1919, Sec. 4249, and not section 4253, it is immaterial whether defendant issued check in payment of property with knowledge that he did not have sufficient funds in bank.

2.   False Pretenses—Evidence—In Absence of Evidence of False Representations Inducing Parting with Property, Conviction for Obtaining Property Under False Pretenses Held Erroneous (Rev. Code 1919, Sec. 4249).

Where goods were delivered to defendant prior to execution of check in payment therefor, and there was no evidence to show that defendant induced seller to part with goods by false representations, conviction of defendant on charge of obtaining property by false pretenses, under Rev. Code 1919, Sec. 4249, was erroneous.

3.   False Pretenses—Sentence.

Imposition of fine for false pretenses in excess of amount prescribed by statute held unauthorized (Rev. Code 1919, Sec. 4249).

Appeal from Circuit Court, Marshall County.

Herbert Bundrock was convicted of obtaining property under false pretenses, and he appeals. Reversed and remanded, with directions.

*Otto L. Kaas,* of Britton, for Appellant.

*Harold W. King,* State's Attorney, of Britton, and *Buell F. Jones,* Attorney General, for the State.

DILLON, J.  On September 7, 1922, Herbert Bundrock, defendant herein, made out a check for $80.35 to the Hamilton Oil Company in payment of oil delivered to him by an employee of the Hamilton Oil Company. This check has never been paid. On June 25, 1923, the state's attorney of Marshall county filed an information charging defendant with the crime of obtaining money or property under false pretenses. This information was drawn under the provisions of section 4249, R. C. 1919, which provides:

*"Obtaining Property Under False Pretences.* Every person who designedly, by color or aid of any false token or writing, or other false pretense, obtains the signature of any person to any written instrument, or obtains from any person any money or property, is punishable by imprisonment in the state penitentiary not exceeding three years or in a county jail not exceeding one year, or by a fine not exceeding three times the value of the money or property so obtained, or by both such fine and imprisonment."

It is undisputed that the goods for which the check of $80.35 was executed consisted of two separate deliveries. The check in question was executed after the second delivery, but was made to cover both deliveries.

[1]  The question of whether defendant issued the check in question with knowledge that he did not have sufficient funds in the bank becomes immaterial, since the information was drawn to cover the provisions of section 4249, R. C. 1919, and not under the provisions of section 4253, R. C. 1919.

[2]  There is utterly lacking any evidence to show that these goods were delivered because of any false representations made by defendant, and it is undisputed that the goods were delivered prior to the execution of the check.  19 Cyc. 406:

"It is not sufficient that there be false pretense; the owner of the property must rely on it; the pretense must be an effective cause in inducing the owner to part with his property."

19 Cyc. 407:

"False pretense made after the delivery of the goods will not support an indictment for obtaining such goods by false pretense."

We fail to find any evidence whatever upon which the jury could fairly find that defendant induced the Hamilton Oil Company to part with their gas and oil by reason of false representations made by defendant.

[3]   The fine itself imposed by the trial judge is $9.05 in excess of the statute under which the information was drawn, and would, therefore, be unauthorized.

The order denying a new trial is reversed, and the cause is remanded, with directions to grant a new trial.

Note.—Reported in 207 N. W. 484. See, Headnote (1), American Key-Numbered Digest, False pretenses, Key-No. 7(2), 25 C. J. Sec. 32; (2) False pretenses, Key-No. 9, 25 C. J. Sec. 27; (3) False pretenses, Key-No. 54, 25 C. J. Sec. 97, Criminal law, 16 C. J. Sec. 3209.